```
              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF ILLINOIS
```

PAMELA M. HASLAM,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )      Case No. 05-1037
                                     )
DEPUE UNIT SCHOOL DIST. #103,        )
                                     )
        Defendant.                   )

### **O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation [Doc. # 14] recommending that Defendant's Motion to Dismiss [Doc. # 3] be granted in part and denied in part.  Plaintiff has filed objections [Doc. # 15] and Defendant has responded [Doc. # 20].  For the reasons that follow, the Court adopts Magistrate Judge Cudmore's Recommendations.

### **Legal Standard**

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made."  Fed. R. Civ. P. 72(b).  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.  However, the Court emphasizes that Rule 72(b) contemplates "*specific*, written objections to the proposed findings and recommendations [of the magistrate judge]."  Id. (emphasis added).

**<u>Analysis</u>**

Plaintiff objects to Magistrate Judge Cudmore's recommendation that her wrongful termination claim (Count I), which is based on Defendant's "non-certified handbook" [hereinafter "the handbook"] be dismissed for failure to state a claim for which relief can be granted. Specifically, Plaintiff argues the magistrate judge erred in finding that the handbook (which is attached to the Complaint) did not create enforceable contractual rights. The handbook provision that Plaintiff relies on to support her claim of wrongful termination states:

> Employees on an annual contract may be recommended for dismissal for cause by the Superintendent upon recommendation of the employee's supervisor.
>
> Prior to recommending dismissal, the supervisor must schedule at least one conference with the employee, at which time reasons for dismissal shall be discussed. Normally, several attempts should be made by the supervisor to correct deficiencies before termination becomes necessary. If desired by the employee, appeal from the supervisor's recommendation may be made to the Superintendent.
>
> Termination of employment of full-time employees, for whatever cause, is subject to approval by the Board of Education.

The handbook also contains the following disclaimer:

> DISCLAIMER
> Nothing contained in this manual is intended, nor should be interpreted to create a contract or grant contractual rights of any kind. The policy manual is intended to be a set of employee guidelines. The employer reserves the right to take whatever action it deems appropriate in all employment decisions.

Under Illinois law, to establish that an employee handbook creates a contractual right in employment a plaintiff must show: 1) the handbook contains "a promise clear enough that an employee would reasonably believe that an offer has been made"; 2) the statement is disseminated to the employee, who reasonably believes it to be an offer; and 3) the employee accepts the offer by commencing or continuing to work. <u>Duldulao v. Saint Mary of Nazareth Hosp. Ctr.</u>, 505 N.E.2d 314, 318 (Ill. 1987).  Illinois courts have found disclaimer language within an employee handbook or policy statement may negate language which could otherwise reasonably be believed to be an offer.  See <u>Moore v. Illinois Bell Tel. Co.</u>, 508 N.E.2d 519, 521 (Ill. App. 1987) (finding employee promised "nothing" where employee plan stated it was "a statement of management's intent and ... not a contract or assurance of compensation"); <u>see also</u> <u>Border v. City of Crystal Lake</u>, 75 F.3d 270, 273 (7th Cir. 1996).  However, Illinois courts have disregarded disclaimers when they are inconspicuous or contradicted by clear and mandatory directives elsewhere in the handbook. See <u>Wheeler v. Phoenix Co. of Chicago</u>, 658 N.E.2d 532, 535-57)(Ill. App. 1995) (requiring disclaimer be conspicuous to be enforceable); <u>Hicks v. Methodist Med. Ctr.</u>, 593 N.E.2d 119, 121-22 (Ill. App. 1992) (disclaimer insufficient to negate promises made in employee handbook where it was located on 38th page of 39-page manual and located in section headed "Revisions," and was not in any way prominently displayed); <u>Long v. Tazewell/Pekin Consolidated Communication Ctr</u>, 574 N.E.2d 1191,

3

1193-94 (Ill. App. 1991) (disclaimer insufficient to negate promises made in employee manual where disclaimer was not distinctly set out separate and apart but was, in effect, hidden within text describing duties of employee, and language was not unequivocal); Perman v. ArcVentures, Inc., 554 N.E.2d 982 (1990)(disclaimer insufficient to negate clear and mandatory directives elsewhere in the handbook), decision questioned by Border, 75 F.3d at 275 (7th Cir. 1996).

In the instant case Plaintiff argues the handbook gave clear directives that she would only be terminated "for cause by the Superintendent upon recommendation of [her supervisor]" and that her termination had to be approved by the Board of Education." Plaintiff asserts that these directives overcome the disclaimer which she asserts was hidden at the end of the handbook.  The Court disagrees.  An abundance of case law suggests that the language relied upon by Plaintiff is insufficient to create an employment contract especially in view of the disclaimer which was appropriately labeled and not hidden within other unrelated material.  See, e.g., Garcia v. Kankakee Housing Authority, 279 F.3d 532,535-36 (7th Cir. 2002) (employment handbook disclaimer stating that manual did not create any contractual rights or property interests in employment was sufficient, under Illinois law, to show that handbook did not create legal rights); Border v. City of Crystal Lake, 75 F.3d 270, 277 (7th Cir. 1996)(mere presence of termination or grievance procedures in employee handbook does not dictate a finding of "for cause" employment,

4

especially in view of "no employment contract" language in same handbook); Lashbrook v. Oerkfitz, 65 F.3d 1339, 1347 (7th Cir. 1995) (finding policy manual language that employee could be dismissed "for just cause" did not mean employee could be dismissed only for just cause); Cunningham v. DMI, Inc., 636 N.E.2d 1234, 1236 (Ill. App. 1994) (although employer's policy statement contained some mandatory language regarding actions to be taken by supervisor whenever discipline was taken, policy did not contain clear promise that employee would be dismissed only if those actions were taken and thus language of policy did not alter "at will" nature of employment).

## Conclusion

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation of the Magistrate Judge [Doc. # 14].

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Doc. # 3] is GRANTED IN PART and DENIED IN PART. It is granted with respect to Count I of the Complaint. It is denied in all other respects.


ENTERED this __12th__ day of January, 2006.


                                            s/ Joe B. McDade
                                              JOE BILLY McDADE
                                    United States District Judge